V. J. ALEXANDER AND LUTHER MCADAMS, ADMR. C. T. A.
OF THE ESTATE OF JAMES MCADAMS *et al.*, COMPLAIN-
ANTS, APPELLANTS, *v.* W. T. MCADAMS *et al.*, INCLUD-
ING JAMES MCADAMS, JR., DEFENDANTS, APPELLEES.

(*Nashville*, December Term, 1930.)

Opinion filed July 1, 1931.

12

R. C. ARMSTRONG, for complainants, appellants.

SETH M. WALKER, for defendants, appellees.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

James McAdams died testate on January 28, 1926. Under the terms of his will his entire estate was converted into personalty. After paying debts, taxes, and costs of administration, the net amount of his estate to be distributed is $161,382.23. He was survived by his wife, Julia McAdams, an adopted son, James McAdams, Jr., and by several brothers and sisters, one of his brothers being Luther McAdams.

By the first item of his will testator bequeathed to his brother, Luther McAdams, absolutely one-fourth or two-eighths of his net estate.

By the second item testator bequeathed the remainder of his estate to Luther McAdams in trust, one-half or three-eighths for the use of his son, and the other half or three-eighths for the use of his widow for life, with remainder to his son. The bequests for his son were not to be paid to him until he was twenty-five years of age.

The controversy grows out of the fact that the widow dissented from the will. Her year's support and one-third of the balance of the estate aggregates $56,127.40,

leaving $105,254.83 to be distributed to James McAdams, Jr., and Luther McAdams.

The chancellor held that, as a result of the dissent of the widow, the estate of the remainderman, James McAdams, Jr., was accelerated, and decreed to him three-fourths of the remaining fund, or $78,941.12, and to Luther McAdams one-fourth, or $26,313.71. Under the chancellor's decree the estate was divided as follows:

| | |
|---|---|
| Julia McAdams | $ 56,127.40 |
| James McAdams, Jr. | 78.941.12 |
| Luther McAdams | 26,313.71 |
| Total | $161,382.23 |

Luther McAdams has appealed and assigned errors, by which the correctness of the chancellor's decree is questioned. But for the dissent of the widow, the division would have been as follows:

| | |
|---|---|
| Luther McAdams | $ 40,345.55 |
| Julia McAdams for life, with remainder to James McAdams, Jr. | 60,518.34 |
| James McAdams, Jr. | 60,518.34 |
| Total | $161,382.23 |

There is no evidence in the record as to the age of Julia McAdams, or the condition of her health. For purposes only of illustration, we will assume that she is forty years of age and in good health. According to the Carlisle Mortality Table, the value of her interest under the will would be $720.12 on $1,000, or $43,580.46. Gibson's Suits in Chancery (Chambliss Ed.), p. 875.

The remainder interest of James McAdams, Jr., would be worth $16,937.88, which, added to the $60,518.34 bequeathed for his immediate benefit, would make the total value of his interest in the estate $77,456.22. It

14

thus appears that the value of the bequests under the will is as follows:

| | |
|---|---|
| Luther McAdams | $ 40,345.55 |
| James McAdams, Jr. | 77,456.22 |
| Julia McAdams | 43,580.46 |
| Total | $161,382.23 |

The widow, by virtue of her dissent, received $12,546.94 more than she would have received under the will, which results in a loss of this sum to Luther McAdams and James McAdams, Jr. This loss should be borne in the proportion of $77,456.22 to $40,345.55, or substantially seventy-seven to forty, making the loss of James McAdams, Jr., $8,257.38 and that of Luther McAdams $4,289.56. The division of the estate in view of the widow's dissent, and assuming that she is forty years of age and in good health, would be:

| | |
|---|---|
| Julia McAdams | $ 56,127.40 |
| James McAdams, Jr. | 69,198.84 |
| Luther McAdams | 36,055.99 |
| Total | $161,382.23 |

The basis of this division meets what we conceive to be the equities of the cause, gives effect to the intention of the testator, and comports with the rule which provides that general legacies abate proportionately by reason of the widow's dissent to the will.

We consider this a proper cause to apply the exception to the general rule of acceleration, namely, that the doctrine will not be applied where the legatees suffer a loss by reason of the widow's dissent. *Latta* v. *Brown*, 96 Tenn., 343; *Wakefield* v. *Wakefield*, Ann. Cas., 1913E, 414, and note; *Cotton* v. *Fletcher*, Ann. Cas., 1915A, 1225, and note.

That part of the estate bequeathed for the benefit of James McAdams, Jr., will, in the hands of his trustee, be subject to the provisions of the will, should he die before reaching the age of twenty-five years.

The decree of the chancellor will be modified in accordance with this opinion, and the cause remanded for the purpose of ascertaining the interest of James McAdams, Jr., and Luther McAdams on the basis set forth herein, with leave to either party to take such proof as he deems proper; and the chancellor may refer the matter to the master, if he prefers, for a report as to the interests of these parties. The costs of the cause will be paid out of the funds of the estate.